IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHPOINT RESOURCES CORP., | ) ) | Case No. 21-10565 (CSS) |
| Debtor. | ) ) | |
| Tax I.D. No. 0361 | ) ) | |
| In re: | ) ) | Chapter 11 |
| HIGHPOINT OPERATING CORPORATION, | ) ) | Case No. 21-10566 (CSS) |
| Debtor. | ) ) | |
| Tax I.D. No. 0545 | ) ) | |
| In re: | ) ) | Chapter 11 |
| FIFTH POCKET PRODUCTION, LLC, | ) ) | Case No. 21-10567 (CSS) |
| Debtor. | ) ) | |
| Tax I.D. No. 8360 | ) | |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion.

**Relief Requested**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the District of Delaware (the "Court") maintain one file and

one docket for all of the jointly administered cases under the case of HighPoint Resources Corporation, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HIGHPOINT RESOURCES CORP., *et al.*,[1] | ) ) ) | Case No. 21-10565 (CSS) |
| Debtors. | ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HighPoint Resources Corporation (0361); HighPoint Operating Corporation (0545); and Fifth Pocket Production, LLC (8360). The location of the Debtors' principal place of business is 555 17th Street, Suite 3700 Denver, Colorado 80202.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than HighPoint Resources Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: HighPoint Resources Corporation., Case No. 21-10565; HighPoint Operating Corporation, Case No. 21-10566; and Fifth Pocket Production, LLC, Case No. 21-10567. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-10565 (CSS).**

**Jurisdiction and Venue**

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1 and 9013-1(m).

**Background**

6.      HighPoint Resources Corporation, together with its Debtor affiliates, is a leading public oil and gas company that focuses primarily on exploration, development, and production in the DJ Basin located in eastern Colorado and southeastern Wyoming.  Headquartered in Denver, Colorado, the Debtors employ approximately 130 people.  The Debtors' operating revenue for the twelve-month period that ended December 31, 2020, was approximately $250 million, and, as the of Petition Date, the Debtors have approximately $779 million in total funded debt obligations.  The Debtors commenced these chapter 11 cases to implement the merger with

Bonanza Creek and the deleveraging transactions contemplated under the TSA, as further described in the First Day Declaration.[1]

7.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The three Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9.      Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration, filed contemporaneously herewith.

4

10. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See*, *e.g.*, *In re Extraction Oil and Gas, Inc.*, No. 20-10548 (CSS) (Bankr. D. Del. July 16, 2020) (directing joint administration of a chapter 11 case); *In re APC Automotive Technologies Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 3, 2020) (same); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 20, 2020) (same); *In re Longview Power, LLC, et al.*, No. 20-10951 (BLS) (Bankr. D. Del. Apr. 15, 2020) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del Mar. 10, 2020) (same).[2]

11. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

13. Notice of the hearing on the relief requested in this motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition RBL credit facility and/or counsel thereto; (d) the lenders under the Debtors' prepetition RBL credit facility and/or counsel thereto; (e) the indenture trustee for the Debtors' prepetition senior notes and/or counsel thereto; (f) the holders of the Debtors' prepetition senior notes and equity interests that are party to the Transaction Support Agreement and/or counsel thereto; (g) BCEI and/or counsel thereto; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

14. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Dated: March 14, 2021<br>Wilmington, Delaware | */s/ Domenic E. Pacitti*<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:    (302) 426-1189<br>Facsimile:    (302) 426-9193<br>Email:    dpacitti@klehr.com<br><br>- and -<br><br>Morton R. Branzburg (*pro hac vice* pending)<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone:    (215) 569-3007<br>Facsimile:    (215) 568-6603<br>Email:    mbranzburg@klehr.com<br><br>- and -<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    joshua.sussberg@kirkland.com<br><br>- and -<br><br>W. Benjamin Winger (*pro hac vice* pending)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    benjamin.winger@kirkland.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |